**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| SHUOWEN HUANG,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES, IMMIGRANT INVESTOR PROGRAM OFFICE,<br><br>*Defendant.* | **Case No. 1:26-CV-1627-RCL** |

## MEMORANDUM OPINION

Plaintiff Shuowen Huang filed suit against United States Citizenship and Immigration Services ("USCIS") in May 2026, alleging that his visa application had been unreasonably delayed. Compl., ECF No. 1. In July 2026, USCIS moved to dismiss the Complaint. Def.'s Mot. to Dismiss, ECF No. 3 ("Def.'s Mot."). Plaintiff did not respond. For the reasons stated herein, Defendant's motion will be granted.

## I. BACKGROUND

### A. Statutory Background

The Immigration and Nationality Act ("INA") authorizes visas for "qualified immigrants seeking to enter the United States for the purpose of engaging in a new commercial enterprise . . . ." 8 U.S.C. § 1153(b)(5)(A). Those visas are called "EB-5 visas." *Da Costa v. Immigr. Inv. Program Off.*, 80 F.4th 330, 335 (D.C. Cir. 2023).

To qualify, an applicant must meet two requirements. First, they must have made an investment of a minimum dollar amount which is expected to "remain invested for not less than 2

years." 8 U.S.C. § 1153(b)(5)(A)(i). Second, their investment must create full-time employment for at least ten U.S. workers. *See Camarena v. Mullin*, No. 26-730, 2026 WL 1864155, at *1 (D.D.C. June 29, 2026) (citing 8 U.S.C. § 1153(b)(5)(A)(ii)). The INA provides that EB-5 visas should generally be issued in the order in which applications are received. 8 U.S.C. § 1153(e); *see also Da Costa*, 80 F.4th at 335 ("We have referred to that statutory first-in, first-out directive as the 'priority rule.'" (quoting *Meina Xie v. Kerry*, 780 F.3d 405, 408 (D.C. Cir. 2015))).

To apply for an EB-5 visa, an applicant must file Form I-526 with USCIS. *Da Costa*, 80 F.4th at 336 (citing 8 C.F.R. § 204.6). The petition must be accompanied by evidence that the applicant is in the process of making an investment which meets the statutory requirements. *Id.* (citing 8 C.F.R. § 204.6(j)). If USCIS approves the I-526, the applicant may apply for conditional lawful permanent resident status. *Id.*

"Two years after creating the EB-5 program, Congress created an additional path to qualify for an EB-5 visa through what is now called the Regional Center Program." *Id.* at 335 (citing Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1993, Pub. L. No. 102-395, § 610, 106 Stat. 1828, 1874-75 (1992)). Under that program, applicants can pool their investments into regional centers which are designated by the Secretary of Homeland Security "on the basis of a proposal for the promotion of economic growth, including prospective job creation and increased domestic capital investment." 8 U.S.C. § 1153(b)(5)(E)(i); *see also Da Costa*, 80 F.4th at 335.

As part of that program, Congress specified that the Secretary of Homeland Security "must prioritize petitions for rural areas and 'may process petitions in a manner and order established by the Secretary.'" *Camarena*, 2026 WL 1864155, at *1 (quoting 8 U.S.C. § 1153(b)(5)(E)(ii)).

**B. Factual Background**

Plaintiff Shuowen Huang is a New Jersey resident who filed an I-526E petition with Defendant USCIS Regional Investor Center in May 2024. Compl. ¶¶ 4–7. After two years, he still has not received a decision. *See id.* ¶ 8. Plaintiff now brings suit under the Administrative Procedure Act ("APA"), *id.* ¶¶ 10–13, seeking an order directing USCIS to adjudicate Plaintiff's application within thirty days, *id.* at 3 (Prayer for Relief).

Defendant has moved to dismiss the Complaint pursuant to Federal Rules 12(b)(1) and 12(b)(6). Def.'s Mot. at 14–15. Plaintiff has not responded.

## II. LEGAL STANDARD

**A. Local Civil Rule 7(b)**

Local Civil Rule 7(b) provides that "within 14 days of the date of service . . . an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion" and that "[i]f such a memorandum is not filed within the prescribed time, the Court may treat the motion as conceded." LCvR 7(b). District courts may treat motions to dismiss as conceded pursuant to Local Rule 7(b). *See Cohen v. Bd. of Trs. of the Univ. of the Dist. of Columbia*, 819 F.3d 476, 481 (D.C. Cir. 2016).

**B. 12(b)(1)**

"A motion for dismissal under Rule 12(b)(1) 'presents a threshold challenge to the court's jurisdiction.'" *Dvorak v. U.S. Dep't of Homeland Sec.*, No. 18-cv-1941, 2019 WL 1491743, at *1 (D.D.C. Apr. 3, 2019) (quoting *Hasse v. Sessions*, 835 F.2d 901, 906 (D.C. Cir. 1987)). The

Supreme Court has recently emphasized that "the court cannot proceed unless it makes an independent determination that it has jurisdiction." *Riley v. Bondi*, 145 S. Ct. 2190, 2201 (2025).

"When ruling on a Rule 12(b)(1) motion, the court must 'treat the complaint's factual allegations as true' and afford the plaintiff 'the benefit of all inferences that can be derived from the facts alleged.'" *Han v. Lynch*, 223 F. Supp. 3d 95, 103 (D.D.C. 2016) (quoting *Delta Air Lines, Inc. v. Export-Import Bank of U.S.*, 85 F. Supp. 3d 250, 259 (D.D.C. 2015). "Those factual allegations, however, receive 'closer scrutiny' than they would if the court were considering a Rule 12(b)(6) motion for failure to state a claim." *Dvorak*, 2019 WL 1491743, at *3 (quoting *Han*, 223 F. Supp. 3d at 103).

**C. 12(b)(6)**

To survive a 12(b)(6) motion, a complaint must contain sufficient factual allegations, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible on its face if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court evaluating a Rule 12(b)(6) "motion presumes that the complaint's factual allegations are true and construes them liberally in the plaintiff's favor." *Alemu v. Dep't of For-Hire Vehicles*, 327 F. Supp. 3d 29, 40 (D.D.C. 2018). However, "[a] court need not accept a plaintiff's legal conclusions as true, nor must a court presume the veracity of legal conclusions that are couched as factual allegations." *Id.* (citation omitted).

## III. ANALYSIS

### A. Concession Under Local Rule 7(b)

Plaintiff was served with Defendant's Motion to Dismiss electronically on July 20, 2026. *See* Def.'s Mot. Nearly two months have now elapsed. The Court therefore grants Defendant's Motion to Dismiss as conceded pursuant to Local Rule 7(b). *See Cohen*, 819 F.3d at 481.

The Court recognizes, however, that the D.C. Circuit has expressed concern over the tension between Local Rule 7(b) and the Federal Rules of Civil Procedure. *See id.* ("To the extent that it allows a district court to treat an unopposed motion to dismiss as conceded, Local Rule 7(b) effectively places the burden of persuasion on the non-moving party: when he fails to respond, he loses. But Federal Rule 12(b)(6) places this burden on the moving party."); *see also Winston & Strawn, LLP v. McLean*, 843 F.3d 503, 508 (D.C. Cir. 2016) (holding that "a motion for summary judgment cannot be deemed 'conceded' for want of opposition").

The Court therefore addresses Defendant's substantive arguments. *See Dean v. Lange, Kim & Dowell, LLP*, No. 25-cv-2634, 2026 WL 172423, at *1 (D.D.C. Jan. 22, 2026) ("Because the D.C. Circuit has expressed some concern about the interaction between Local Civil Rule 7(b) and Federal Rule of Civil Procedure 12(b)(6), alternatively, the Court also agrees with Defendants that Plaintiff's complaint fails to state a claim on the merits and should be dismissed under Rule 12(b)(6).").

### B. Subject-Matter Jurisdiction

"Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider." *Bowles v. Russell*, 551 U.S. 205, 212 (2007). Defendant argues that the INA strips the Court of subject-matter jurisdiction over this case. Def.'s Mot. at 14.

The issue here is discretion. The INA provides that "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or Secretary of Homeland Security . . . ." 8 U.S.C. § 1252(a)(B)(ii).

That statute therefore leads the Court to two questions. First, is the challenged conduct "a decision or action under the immigration subchapter[?]" *Camarena*, 2026 WL 1864155, at *3 (citing *iTech U.S., Inc. v. Renaud*, 5 F.4th 59, 62 (D.C. Cir. 2021)). Second, is the challenged conduct discretionary? *Id.* (citing *iTech*, 5 F.4th at 62). The Court lacks jurisdiction only if it answers both questions in the affirmative. And the EB-5 visa process, Defendant argues, fits the bill.

Considering the term "decision or action," Judge Bates has observed that "courts are split on whether clause 1252(a)(2)(B)(ii) applies to allegations of delay." *Id.* (citing *Geneme v. Holder*, 935 F. Supp. 2d 184, 190 (D.D.C. 2013)). Ultimately, Judge Bates concluded that decisions regarding "manner and order" of processing are decisions within the meaning of section 1252(a)(2)(B)(ii) relying upon the D.C. Circuit's view that the provision applies to "all decisions specified to be discretionary under the immigration subchapter, 'whether or not those decisions grant or deny an immigrant relief." *Id.* (quoting *iTech*, 5 F.4th at 66). The Court agrees.

Turning to the discretion prong, the Court must interpret the statute to determine whether it confers discretion upon the Secretary of Homeland Security. "In interpreting a statute, the court begins with the text . . . ." *Prime Time Int'l Co. v. Vilsack*, 599 F.3d 678, 683 (D.C. Cir. 2010). The relevant provision reads: "In processing petitions under section 1154(a)(1)(H) of this title for classification under this paragraph, the Secretary of Homeland Security . . . may process petitions in a manner and order established by the Secretary . . . ." *Id.* § 1153(b)(5)(E)(ii)(II). The word

"may," Defendant argues, "*clearly* connotes discretion." Def.'s Mot. at 14 (quoting *Bouarfa v. Mayorkas*, 145 S. Ct. 24, 30 (2024)).

Defendants are correct about the connotation of the word "may." *See* May, Black's Law Dictionary (12th ed. 2024) ("To be permitted to."); *see also Bouarfa*, 145 S. Ct. at 30.[1] And the "'usual presumption' is that '"may" confers discretion.'" *Zhu v. Gonzales*, 411 F.3d 292, 320 (D.C. Cir. 2005) (quoting *Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am. v. Dole*, 919 F.2d 753, 756 (D.C. Cir. 1990)). Still, "may" "does not necessarily suggest unlimited discretion." *Id.* at 295–96 (quoting *Zadvydas v. Davis*, 533 U.S. 678, 697 (2001)). And the D.C. Circuit has indicated that "[w]here there are conflicting signals, 'discerning Congress's intent to bestow or withhold discretion' may require more extended analysis." *Id.* at 296 (quoting *Pennsylvania v. Lynn*, 501 F.2d 848, 854 (D.C. Cir. 1974)).

Conflicting signals are present in this statute. The provision at issue here is nestled between two other provisions, one of which imposes conditions on the Secretary's discretion. The Secretary, the statute reads, "shall prioritize the processing and adjudication of petitions for rural areas." 8 U.S.C § 1153(b)(5)(E)(ii)(I). And that statutory command exists within the context of the priority rule for processing applications. *See Da Costa*, 80 F.4th at 335 ("We have referred to that statutory first-in, first-out directive as the 'priority rule.'" (quoting *Xie*, 780 F.3d at 408)). Therefore, the Court agrees with Judge Bates's conclusion that best reading of the statute is that "subclause 1153(b)(5)(E)(ii)(II) gives the Secretary permission to establish a new manner and

---

[1] The text alone does not resolve the issue because, as Judge Bates pointed out, neither *Bouarfa* nor other cases in this circuit are directly on point. For example, the statute at issue in *Bouarfa* included three terms of discretion. *Camarena*, 2026 WL 1864155, at *3 ("[T]he provision in *Bouarfa* that stripped jurisdiction exuded discretion thrice over, providing that the Secretary 'may, at any time, for what he deems to be good and sufficient cause, revoke the approval of any [visa] petition.'" (quoting *Bouarfa*, 145 S. Ct. at 28)). Here, in contrast, there is only one.

order for processing petitions—namely, to prioritize rural petitions—notwithstanding the general requirement to process on a first come, first served basis." *Camarena*, 2026 WL 1864155, at *5.

Accordingly, the Court determines that it has subject-matter jurisdiction over the dispute. *See id.* ("[T]he solitary use of the word 'may' connoting discretion does not amount to clear and convincing evidence that Congress sought to strip courts of jurisdiction here.").

**B. Failure to State a Claim**

"To state a claim for unreasonable delay, Plaintiff[] must first allege that the agency 'failed to take a discrete agency action that it is required to take' and, second, that the delay was unreasonable." *Da Costa*, 80 F.4th at 340 (citations omitted) (first quoting *Norton v. S. Utah Wilderness All.*, 542 U.S. 55 (2004); and then citing *Am. Anti-Vivisection Scoc'y v. U.S. Dep't of Agric.*, 946 F.3d 615, 621 (D.C. Cir. 2020)).

1. Discrete Agency Action

Defendant argues that Plaintiff has not identified a discrete agency action that it is required to take. Def.'s Mot. at 15. It cites *Da Costa* for the proposition that Congress did not set a deadline with 8 U.S.C. § 1571(b), which reads: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application." 8 U.S.C. § 1571(b).

But *Da Costa* made that observation when discussing the *TRAC* factors, which are relevant to the unreasonable delay prong of the inquiry. 80 F.4th at 344. And "a majority of judges in this District to have addressed the issue have held that the government has a non-discretionary duty to adjudicate visa applications in a reasonable time." *Camarena*, 2026 WL 1864155, at *6; *see also*

*Ahmed v. Blinken*, 759 F. Supp. 3d 1, 10 (D.D.C. 2024) (collecting cases). The Court therefore concludes that Plaintiff has sufficiently alleged a discrete agency action.

2. Unreasonable Delay

To analyze unreasonable delay, courts in this circuit consider six factors derived from *Telecomms. Rsch. & Actions Ctr. v. F.C.C.*:

> (1) the time agencies take to make decisions must be governed by a "rule of reason"; (2) where Congress has provided a timetable or other indication of the speed with which it expects the agency to proceed in the enabling statute, that statutory scheme may supply content for this rule of reason; (3) delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake; (4) the court should consider the effect of expediting delayed action on agency activities of a higher or competing priority; (5) the court should also take into account the nature and extent of the interests prejudiced by delay; and (6) the court need not "find any impropriety lurking behind agency lassitude in order to hold that agency action is 'unreasonably delayed'."

750 F.2d 70, 80 (D.C. Cir. 1984) (citations omitted).

"The two factors most important in this case are factor one—whether the agency's timing of adjudications follows a 'rule of reason'—and factor four—the effect that an order 'expediting delayed action' would have on 'agency activities of a higher or competing priority.'" *Da Costa*, 80 F.4th at 340. The Court begins with factors 1 and 4 before addressing factors 2, 3, 5 and 6.

a. Rule of Reason (Factor 1)

"In assessing whether an agency follows a rule of reason, we evaluate the length of the delay in light of 'the complexity of the task at hand, the significance (and permanence) of the

outcome, and the resources available to the agency.'" *Id.* (quoting *Mashpee Wampanoag Tribal Council, Inc. v. Norton*, 336 F.3d 1094, 1102 (D.C. Cir. 2003)).

Without any fact-specific opposition from Plaintiff on the point, the Court has no trouble concluding that "USCIS employs a rule of reason to adjudicate Form I-526E petitions." *Camarena*, 2026 WL 1864155, at *7 (citing *Da Costa*, 80 F.4th at 340–41). Accordingly, this factor favors USCIS. *Id.* at *8.

b. Effect on Agency Priorities (Factor 4)

Defendant has the better of this argument as well. "Granting this individual relief would necessarily come 'at the expense of other similarly situated applicants,' unlike 'broader relief' that would avoid 'line-jumping' concerns." *Da Costa*, 80 F.4th at 344; *see also* Compl. at 3 (seeking an order to adjudicate Plaintiff's application within 30 days of the Court's order).

c. Congressional Timeline (Factor 2)

Congress's "sense" that applications should be processed within 120 days, *see* 8 U.S.C. § 1571(b), weighs in Plaintiff's favor, but only slightly. Plaintiff has "waited almost two years for adjudication, or roughly six times longer than Congress intended." *Camarena*, 2026 WL 1864155, at *8. "But the delay has not reached the level of disproportionality [the D.C. Circuit] ha[s] previously held sufficient to grant relief." *Id.* (alterations in original) (quoting *Da Costa*, 80 F.4th at 344).

d. Stakes and Interests (Factors 3 & 4)

Plaintiff alleges "uncertainties and anxieties resulting from the unreasonable delay and relentless waiting" associated with his visa application. Compl. ¶ 9. But "the uncertainty that

results any time an individual must continue to wait to secure a benefit, are insufficient to tip *TRAC* factors three and five in his favor." *Da Costa*, 80 F.4th at 345.

e. Impropriety (Factor 6)

Plaintiff does not allege any impropriety on the part of Defendant except for the conclusory allegation that their actions are "unlawful" and contrary to his Constitutional rights. Compl. ¶ 11. "But such 'conclusory' allegations 'do not plausibly allege government misconduct.'" *Camarena*, 2026 WL 1864155, at *9.

In sum, the Plaintiff has not stated a claim for unreasonable delay, and his Complaint must be dismissed pursuant to Federal Rule 12(b)(6).

## IV. CONCLUSION

For the reasons stated herein, the Court will dismiss the Complaint pursuant to Local Civil Rule 7(b) and Federal Rule 12(b)(6).

An Order accompanying this Memorandum Opinion shall issue.

Date: 15 October, 2026

Hon. Royce C. Lamberth
United States District Judge